Judge Robertson
delivered the opinion of the Court.
Boone sued Morgan in a warrant, before a justice, on an account for $18, with a credit endorsed for $ 10.
Morgan gave Boone a notice, in writing, that on the trial, he would plead his account against him, for $45, which was stated, as a set off, and demand a judgment against him, for the balance which should be ascertained to be due.
On the trial before the justice, Morgan obtained a judgment against Boone, for $21 93 3-4 cents. Boone appealed to the circuit court. On the trial in the circuit court, without pleading, in writing, no other testimony being introduced by Boone, than his and Morgan’s accounts, and the notice of set off, the counsel for Morgan insisted that this was not admissible evidence; but the court decided that it was proper evidence, for the consideration of the jury. It being then suggested by the counsel for Morgan, that if the *586 evidence were admissible, as it was, in writing, it wasf the province of the court to decide on its legal effect; the counsel for Boone, agreed that the court might instruct the jury peremptorily. The court thereupon instructed the jury, that the two accounts and the notice of the set off, were conclusive evidence, to establish the account of Boone. . The counsel for Morgan, then asked for leave to argue on the effect and weight of this evidence, before the jury, which the court refused; and thereupon, the jury retired anti found a verdict for Boone, for the amount of his account.
Notice of set off does not admit pl’tffs. demand, tho’ special plea of set off does.' Notice of set off only admissible under general issue.
Morgan assigns for error. 1st. That the circuit court had no jurisdiction' of the case. 2d. Thai the court erred in its instruction to the jury, and in its refusal to permit his counsel to argue his case, to the jury.
There is no weight in the first objection. As Morgan had obtained a judgment against Boone, for more than five pounds, Boone could not appeal to the county court. “TAe mailer in controversy” is certainly above five pounds.
But the second error assigned is fatal to the judgment. The account of Boone vvas not evidence to prove itself. It was not evidence that Morgan owed it. Boone, as plaintiff below, and as appellant, was bound to introduce proof of his account. If he failed to do it, it would have been the duty of the court to dismiss his appeal. It was not necessary for Morgan to offer any evidence, before Boone had established his claim. The fact, that the account was used or even proved, before the magistrate, would be no evidence, unless it had been also proved, that Morgan had admitted it on the trial, in the cou nlry. There was no proof or offer of proof of this kind.
The court must have Supposed that the notice of set off, was an admission, either express or tacit, of the account of Boone. This is certainly a mistake. A special plea of set off, without any traverse of the plaintiff’s demand, or any other plea denying it, might, he construed as admitting it; this would, perhaps, be the legal effect of a single plea of set off", without a *587 traverse. But surely a notice of set off can have no such construction or effect. It always accompanies or contains, either actually or by intendment of law, a denial of the plaintiff’s demand. A notice of set off is admissible only under the general issue. As there are no pleadings in writing, on trials before magistrates, when a notice^of set off is given, it is understood that non-assumpsit is virtually pleaded, if the warrant be on an account, or that the defendant will be allowed to make any other legal defence, if a note be the foundation of the suit.
Hanson, for plaintiff; Simpson, for defendant.
In this case, could not Morgan have pleaded in form, non-assumpsit, before the justice? He certainly had not waived his right to do so. His notice did not dispense with proof of Boone’s account. It meant only .that if Boone should prove his account, Morgan would endeavor to obtain a judgment for the excess of his account,over Boone’s; and that if Boon should fail on his proof, Morgan would ask a judgment for the whole of his claim.
The facts which the court decided to be conclusive,, were not even prima facie evidence of Boone’s account., Morgan is surely not bound to submit to the erroneous instructions of the judge. He is not concluded by the opinion of the judge, as the judge seemed to think,, merely because he had consented, that he should decide the question. If the decision be erroneous, he may have it reversed. It is manifestly erroneous, and therefore must be reversed.
The case is remanded, with instructions to set aside the verdict,, and order a new trial.